UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBERT FLOWERS

VERSUS

CATERPILLAR, INC.

CIVIL ACTION

NO. 15-791-JWD-EWD

## RULING ON MOTION FOR LEAVE TO FILE INTERVENOR'S COMPLAINT

Before the Court is a Motion for Leave to File Intervenor's Complaint (the "Motion to Intervene")[1] filed by Amerisure Insurance Company ("Amerisure"). Amerisure seeks to intervene in this suit pursuant to Fed. R. Civ. P. 24(a). Per Amerisure's Motion, Plaintiff, Robert Flowers ("Plaintiff") was contacted and objects to Amerisure's intervention;[2] however, Plaintiff has not filed an opposition to the Motion to Intervene. Conversely, Amerisure asserts that Defendant, Caterpillar, Inc. ("Defendant") does not object to the proposed intervention.[3]

For the reasons set forth herein, Amerisure's Motion to Intervene[4] is GRANTED.[5]

### I.    Background

On October 19, 2015, Plaintiff filed suit in state court against Defendant seeking damages for injuries that occurred when a Caterpillar forklift Plaintiff was operating allegedly malfunctioned.[6] Plaintiff contends that his injuries were solely and proximately caused by

---

[1] R. Doc. 15.

[2] R. Doc. 15, p. 2.

[3] R. Doc. 15, p. 2.

[4] R. Doc. 15.

[5] Magistrate judges may "hear and determine" non-dispositive pre-trial motions pursuant to 28 U.S.C. § 636(b)(1)(A). "A motion to intervene is considered a non-dispositive motion." *Johnson v. Qualawash Holdings, LLC*, 2013 WL 3050021, at *2 (W.D. La. June 17, 2013) (citing *S.E.C. v. Koirnman*, 2006 WL 148733, at *2 (N.D. Tex. Jan. 18, 2006)). *See also*, *Stephens v. State Farm and Cas. Co.*, 2010 WL 1292719, at *3 (E.D. La. March 8, 2010) ("The portion of Road Home's motion seeking leave to intervene is a non-dispositive matter which I may address by order.").

[6] R. Doc. 1-2.

1

unreasonably dangerous characteristics of the forklift in violation of Louisiana product liability law.[7] On November 23, 2015, Defendant removed this suit on the basis of diversity jurisdiction.[8]

Plaintiff contends the accident forming the basis of this lawsuit occurred on or about August 12, 2014 when he was working for Richard Price Contracting, Inc. in Denham Springs, Louisiana ("Richard Price Contracting").[9] Per Amerisure's proposed Intervenor's Complaint, Amerisure issued a policy of workers' compensation insurance to Richard Price Contracting and "has paid to or on behalf of plaintiff in the main demand, medical benefits and indemnity payments under the workers compensation laws of the State of Louisiana as a result of the accident alleged in the main demand."[10] Accordingly, to the extent Plaintiff recovers from Defendant in the main demand, Amerisure asserts that it is entitled to be reimbursed by Defendant "such sums and any future sums which Intervenor may pay to or on behalf of plaintiff, in the main demand…."[11] Further, to the extent Amerisure "may be obligated to pay workers' compensation benefits to or on behalf of plaintiff, in the main demand, beyond the date of any settlement or judgment that is executed or rendered in this matter," Amerisure asserts that it is "entitled to a credit" against its future liability to Plaintiff for workers' compensation benefits.[12]

---

[7] R. Doc. 1-2, ¶ 9.

[8] R. Doc. 1. Plaintiff alleges he is a Louisiana citizen. R. Doc. 1-2. Defendant alleges it is a Delaware corporation with its principal place of business in Illinois. R. Doc. 1, ¶ VI. By its First Supplemental & Amending Intervenor's Complaint, Amerisure alleges it is a Michigan stock insurance company that has its principal place of business in the State of Michigan. R. Doc. 24. Accordingly, Amerisure's intervention in this suit will not destroy the Court's subject matter jurisdiction.

[9] R. Doc. 1-2, ¶ 5.

[10] R. Doc. 15-1, ¶¶ 1 & 2.

[11] R. Doc. 15-1, ¶ 3.

[12] R. Doc. 15-1, ¶ 4.

**II.     Law and Analysis**

Amerisure seeks to intervene in this suit under Fed. R. Civ. P. 24(a). That section provides that on "timely motion" the court must permit intervention by anyone who is either (1) given an unconditional right to intervene by federal statute; or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Amerisure does not assert that a federal statute grants it an unconditional right to intervene; instead, it moves for intervention under Fed. R. Civ. P. 24(a)(2).[13]

**A.  Timeliness of the Motion to Intervene**

"Whether leave to intervene is sought under section (a) or (b) of Rule 24, the application must be timely." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court. *McDonald v. E.J. Lavino*, 430 F.2d 1065, 1071 (5th Cir. 1970). Timeliness "is not limited to chronological considerations but 'is to be determined from all the circumstances.'" *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). The Fifth Circuit has set forth four factors to consider when evaluating whether a motion to intervene is timely: (1) the length of time during which the proposed intervenor should have known of his interest in the case before he petitioned to intervene; (2) the extent of prejudice that those parties already in the litigation would suffer "as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;" (3) the extent of prejudice to the

---

[13] R. Doc. 15, p. 1 ("Movant claims an interest relating to the property or transaction which is the subject of this action and that movant is so situated that the disposition of this action may as a practical matter impair or impede the movant's ability to protect that interest.").

3

proposed intervenor if he is not allowed to intervene; and (4) the existence of "unusual circumstances militating either for or against a determination that the application is timely." *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-266 (5th Cir. 1977)).

Here, Plaintiff filed suit in October, 2015. The case was removed to this Court in November of last year. Amerisure filed its Motion for Leave to File Intervenor's Complaint on February 2, 2016.[14] No party has asserted the Motion to Intervene is untimely. Most importantly, this suit is still in its early stages. A scheduling conference was held on February 11, 2016, and the deadline to join parties is not until August 5, 2016.[15] A jury trial is currently scheduled for December 4, 2017.[16] Accordingly, the Court finds Amerisure's Motion to Intervene to be timely.

### B.  Intervention of Right

Pursuant to Fed. R. Civ. P. 24(a)(2), a party is entitled to intervene in a pending lawsuit when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that is the subject of the action in which he seeks to intervene; (3) the potential intervenor is so situated that disposition of the case may as a practical matter impair or impede his ability to protect his interest; and (4) the parties already in the action do not adequately protect the potential intervenor's interest. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). As discussed above the Court finds Amerisure's Motion to Intervene to be timely.

Pursuant to the Louisiana Workers' Compensation Act, "[i]f either the employee…or the employer or insurer bring suits against a third person…he shall forthwith notify the other in writing

---

[14] R. Doc. 15.

[15] R. Doc. 19.

[16] R. Doc. 19.

4

of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit." La. R.S. §23:1102(A).  "Although the statute provides that the other may intervene as a party plaintiff if either the employee or the employer brings suit against a third person (tortfeasor), the jurisprudence holds that an employer's failure to intervene in a suit filed by the employee, after proper notice, bars the employer from bringing a separate suit against a third party tortfeasor."  *Houston General Ins. Co. v. Commercial Union Ins. Co.*, 649 So. 2d 776, 782 (La. App. 1 Cir. 1994) (citing *Roche v. Big Moose Oil Field Truck Service*, 381 So. 2d 396, 401 (La. 1980) ("If an employee files suit for damages from a third party tortfeasor, an employer seeking reimbursement of compensation paid must intervene in the pending lawsuit….")).  *See also*, *Senac v. Sandefer*, 418 So. 2d 543, n. 1 (La. 1982) ("The employer's compensation insurer failed to intervene in this action and is thus barred from claiming reimbursement of the benefits paid to the plaintiff."); *Chevalier v. Reliance Ins. Co. of Illinois*, 953 F.2d 877, 884 (5th Cir. 1992) ("There is no doubt that, under Louisiana law, a compensation carrier or employer must generally be a party to the suit between a tortfeasor's carrier and tort plaintiff in order to collect reimbursement for workers' compensation from the successful tort plaintiff's judgment."); *Allstate Indem. Co. v. Knighten*, 705 So. 2d 240, 242 (La. App. 2. Cir. 1997) ("While the statutory language is permissive regarding intervention by the party who is not a party-plaintiff in the action against the third-party, the case law suggests that an employer or its insurer must intervene in a third-party suit filed by the employee in order to assert its rights against the third-party tortfeasor or otherwise be barred from instituting a separate action to assert those rights.").

In light of this jurisprudence, district courts in this circuit have found that workers' compensation insurers who have paid a plaintiff workers' compensation benefits are intervenors of right.  *See*, *Johnson v. Qualawash Holdings, LLC*, 990 F.Supp.2d 629, 640 (W.D. La. 2014)

5

(dismissing action after finding workers' compensation insurer to be an indispensable non-diverse party and explaining that insurer "has already made payments to the plaintiff in this matter pursuant to its policy of insurance….Under Louisiana law, if [insurer] does not intervene in this suit, it loses its right to recover from any third party tortfeasors under Louisiana's workers' compensation scheme."); *Youngblood v. Rain CII Carbon, LLC*, 2014 WL 2547588, at *3 (W.D. La. June 4, 2014) (plaintiff's statutory employer and workers' compensation insurer were both intervenors of right because, unless they were allowed to intervene, they would lose their right to reimbursement.). Here, Amerisure alleges that it has paid medical benefits and indemnity payments under Louisiana workers' compensation laws to Plaintiff. Unless Amerisure is allowed to intervene, it will lose its right to reimbursement. Accordingly, the Court finds Amerisure to be an intervenor of right under Fed. R. Civ. P. 24(a)(2).[17]

### III.    Conclusion

For the reasons set forth herein, Amerisure Insurance Company's Motion for Leave to File Intervenor's Complaint[18] is GRANTED.

Signed in Baton Rouge, Louisiana, on June 9, 2016.

_____
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] No party contends, and the Court does not find, that Amerisure's interests are adequately represented by either Plaintiff or Defendant in this suit. Like Plaintiff, Amerisure has an interest in maximizing recovery against Defendant. *See*, *Dushane v. Gallagher Kaiser Corp.*, 2005 WL 1959151, at *6 (W.D. La. Aug. 10, 2005) ("After careful consideration, the court finds GM is more properly considered an intervenor-plaintiff. If allowed to intervene, GM no doubt will align itself with Plaintiffs, as it is in GM's interest for Plaintiffs to maximize their recovery against Defendants and thereby increase the potential for GM to recover all of the worker's compensation benefits it already has paid Plaintiffs. The less Plaintiffs recover, the less reimbursement GM will receive. If Plaintiffs had not filed a suit at all, and GM filed its own suit against Defendants to seek reimbursement, GM would be considered a plaintiff in every sense of the word."). However, the recovery sought by Amerisure (reimbursement for past payments and credits for future ones) is separate from Plaintiff's damage claim.

[18] R. Doc. 15.