UNITED STATES DISTRICT COURT

MIDDLDE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT FLOWERS** | **CIVIL ACTION NO.** |
| **VERSUS** | **15-791-JWD-EWD** |
| **CATERPILLAR, INC.** | |

### RULING AND ORDER ON MOTION TO COMPEL

Before the Court is a Motion to Compel (the "Motion"),[1] filed by defendant Caterpillar, Inc. ("Caterpillar") The motion is not opposed.  For the reasons that follow, the Motion is **GRANTED**.

I.	Background

Plaintiff Robert Flowers ("Plaintiff") originally filed this suit in state court in Livingston Parish, Louisiana against Caterpillar for injuries Plaintiff allegedly sustained when his hand was "vacuumed into" the fan of a Caterpillar forklift engine while he was attempting to remove water from around the radiator.[2]  Caterpillar removed the action to this court on November 23, 2015.[3] According to the Motion, Caterpillar propounded its First Set of Interrogatories and First Set of Requests for Production (the "Discovery Requests") to Plaintiff on February 25, 2016.[4]  Despite Caterpillar's repeated attempts to obtain responses, as of the date the Motion was filed, Plaintiff had not responded to the Discovery Requests.

---

[1] R. Doc. 28.
[2] R. Doc. 1-2.
[3] R. Doc. 1.
[4] R. Doc. 28-2.

**II.     Law and Analysis**

Fed.R.Civ.P. 37, which governs motions to compel discovery, provides in pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery**
>
> > (1) **In General**.  On notice to other parties and all affected person, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
> >
> > (3) **Specific Motions**.
> >
> > > \*       \*       \*
> > >
> > > (B)     *To Compel Discovery Response*.  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if:
> > >
> > > > \*       \*       \*
> > > >
> > > > (iii)   a party fails to answer an interrogatory submitted under Rule 33; or
> > > >
> > > > (iv)   a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.
> > >
> > > \*       \*       \*
> >
> > (4) **Payment of Expenses; Protective Orders**.
> >
> > > (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing)*.  If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion,

2

> including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Caterpillar alleges it did not receive any responses to the Discovery Requests, propounded to Plaintiff on February 25, 2016. This Motion was filed on July 1, 2016 and contains the requisite certification under Fed.R.Civ.P. 37(a)(1) that Defendants attempted to confer and resolve this issue prior to seeking court intervention.[5] Plaintiff has not asserted any opposition to this Motion. Accordingly, the Motion must be granted. Plaintiff will be required to provide complete, substantive answers to the Interrogatories and produce all documents responsive to the Requests for Production[6] within fourteen (14) days of the date of this Order. No objections will be allowed.[7]

Fed.R.Civ.P. 37(a)(5)(A) provides that when a motion to compel is granted, the court must require payment of movant's reasonable fees incurred in making the motion, including attorney's fees, unless one of the enumerated circumstances exists. Plaintiff did not oppose this motion and there is nothing in the record to indicate any of the circumstances justifying non-payment of the movant's reasonable expenses incurred in making the Motion exist. The only evidence in the record indicates that Plaintiff's counsel repeatedly failed to respond to Caterpillar's attempts to obtain information regarding when responses to the Discovery Requests would be provided. Under

---

[5] In addition to the Rule 37(a)(1), Caterpillar also provided documentation of its attempts to contact Plaintiff's counsel to obtain the responses sought. R. Docs. 28-3 to 28-7.
[6] R. Doc. 28-2.
[7] Generally, discovery objections are waived if a party fails to timely object to interrogatories, requests or other discovery efforts. *See, In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989).

the circumstances, the court finds that the expenses associated with this Motion should be paid by Plaintiff's counsel and that $500.00 is reasonable under these circumstances.

### III. Conclusion

For the foregoing reasons, the Motion to Compel, filed by defendant Caterpillar, Inc.,[8] is **GRANTED**.

**IT IS HEREBY ORDERED** that plaintiff Robert Flowers shall provide complete, substantive answers to the Interrogatories and shall provide all documents responsive to the Requests for Production propounded to him by defendant Caterpillar, Inc., on February 25, 2016,[9] within fourteen (14) days of the date of this Order. No objections are permitted.

**IT IS FURTHER ORDERED** that Plaintiff's counsel, John B. Lambremont, Sr., Paul B. Lambremont, and the Law Office of John B. Lambremont, Sr., shall pay to Caterpillar, Inc., through Caterpillar, Inc.'s counsel of record, the sum of $500.00, no later than fourteen (14) days from the date of this Order, pursuant to Fed.R.Civ.P. 37(a)(5)(A).

Signed in Baton Rouge, Louisiana, on August 16, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] R. Doc. 28.
[9] R. Doc. 28-2.